And the appellee is arguing by video today. Good morning, I'm John Rhodes from the Missoula Office of the Federal Defenders of Montana. I represent Travis Fifield. Here, the district court failed to provide notice of its intent to depart from the guidelines by imposing a consecutive sentence, and then it compounded its error by failing to explain why consecutive sentences were appropriate. And for those reasons, reversal is necessary so that we can defend against the consecutive sentence that the court intends or at least intended or imposed at the initial sentencing. I'm going to start and focus my argument on the lack of notice. The Supreme Court's decision in Burns – Excuse me. Could you begin by showing me why this is a departure from the guidelines? What happened was the guidelines, the sentence was 47 to 56 months. The district court imposed a 54-month sentence, and then it made it consecutive to an existing State court sentence. And this Court's case law in Pedreoli v. Williams basically refers to consecutive sentences as a departure from the guidelines. Even when the consecutive sentences are consecutive to an already imposed sentence by a State court? And even though the statute says that that's the presumed norm, unless there's – the judge says otherwise? It's not the presumed norm under 5G1.3 of the guidelines. Under the existing guidelines at the time, which would be the 2003 version of the guidelines, under 5G1.3, the sentence should have been imposed either concurrent – should have been imposed concurrently to the existing State sentence. Are you saying there's a conflict between the guidelines in 35 and 84? No, there's not, because ultimately the guidelines have to submit to the statute. And the statute makes consecutive sentences presumptive. It gives the judge the option. And what we're saying here is we had no notice. And under this Court's decision in Pedreoli and in the Williams case, they say first that consecutive sentences are the equivalent of a departure, and in Pedreoli notice was not an issue. But in Williams, that was a very specific issue, and the Court said that notice has to be provided. Why doesn't the statute give notice? It confirms the Supreme Court decision regarding with upward departures and lack of notice answers that question. Well, you're assuming it's an upward departure, right? That's the premise of the argument. I'm saying it should be treated the same as an upward departure, and that this Court's case law in Pedreoli and Williams treats consecutive sentences as departures. And Pedreoli specifically said that district courts must follow the usual departure procedures when imposing a consecutive sentence under 3584. And that was this Court's holding in Pedreoli. So if we don't agree with you that it was an upward departure, your argument collapses? No. I'm not saying this was an upward departure per se. I'm saying it needs to be treated the same as an upward departure because it effectively doubled my client's sentence. And this Court's case law treats consecutive sentences as upward departures and says that the departure procedures that inure to upward departures also apply to consecutive sentences. And here, consecutive sentences were never mentioned in the PSR. The government didn't advocate it. Certainly we didn't mention that. And all of a sudden, when the Court imposed sentence, consecutive sentences came up for the very first time. So my 22-year-old client, instead of doing a 54-month sentence, in essence did a 108-month sentence, and we never had an opportunity to defend against that. Going back to the question of whether there's notice provided by the statute, first of all, Petrioli and Williams say that upward departures have to be noticed. Well, obviously you're on notice that an upward departure is conceivably possible in any case, but the Supreme Court in Burns answered that specific issue because the government maintained why is notice necessary when theoretically notice is always there because upward departures are always available. And the Supreme Court said we don't want to be in a situation where the defense at best is guessing in every single case we need to defend against every conceivable departure, or in this instance, against a consecutive sentence, in wasting time and energy, or at worst, the parties figure, well, this was never mentioned, we'll let the sleeping dog lie, and then all of a sudden the consecutive sentence or the upward departure is imposed and it's too late. And the Supreme Court said because you can't rely on a situation where theoretically it's always possible and burden the parties with trying to defeat that theory, that notice is required. Can you show me? I'm still trying to figure out why this is not contemplated by the guidelines. 5G1.3C says that any other case involving an undischarged term of imprisonment, the sentence for the offense may be imposed to run concurrently, partially concurrently, or consecutively. Is that not the provision that applies? I believe 5G1.3B applies. Why? Importantly, this is not the current guidelines. This is the guidelines at the time of the offense conduct, the 2003 version, because if you, and I don't know if you have that version in front of you, but that version says that if any of the offense conduct for the existing prison term is used to calculate the guidelines, then the resulting sentence is to impose, is to be run concurrently. Here what happened was my client was on state probation, and there was a search, and that's when the guns were found that led to his federal prosecution for being a felon in possession of firearms. So he got 54 months as a result of that federal prosecution. But before the federal sentence was imposed, the state revoked his probation and put him into state prison. So the conduct that resulted in him being in state custody was used to calculate his federal guideline sentence and dictated his resulting sentence. I don't think that's that connection. I understand that it was, that this was found as a result of his probation violation, but how was it used to effect his guideline sentence? Because the fact that he possessed a firearm, that sets his base offense level. Yes. Under 2K2.1 of the guidelines. Right. And under 5G1.3, where any conduct is used to set the offense level, and that conduct is already resulted in the defendant serving another sentence. You're saying it was because of the firearms that his probation was revoked, and then it was used for this. Correct. Because of the firearms, he actually had a second offense conviction, being a drug user in possession of a firearm, because when they searched his father's residence, not only were the firearms found, but they also found evidence of drug use. And, therefore, those were the basis for revoking his state probation, and that was also the basis for convicting him of two federal crimes, being a felon in possession of firearms and an unlawful drug user in possession of firearms. I'm going to reserve my remaining time unless the Court has any more questions for now. Thank you. Thank you. We should have a video set up here. Good morning, Your Honors. My name is Chris McLean. I'm an assistant United States attorney in Missoula, Montana. And with the Court's permission, I will proceed.  Your Honors, from the government's perspective, the defendant is not raising a guidelines issue in this case. The controls in this case is the statute found at Title 18 United States Code, Section 3584B. That statute allows the district court to impose consecutive or concurred sentences at its discretion, but it requires the court consider the factors set out in 18 U.S.C. Section 3553A in making that decision. In this case, the district court clearly stated its reasons on the record, and those reasons mirror the requirements of 3553A. The district court noted that its sentence was consideration, need for punishment, the need to protect the community from the defendant. The court mentioned the defendant's state system, criminal history, and discussed a concern about recidivism. The district court talked about its desire that the defendant be eligible for the 500-hour drug treatment program, so the district court also considered rehabilitation and medical treatment for the defendant in arriving at the 54-month guideline sentence that it imposed. The defendant did not objectively disagree. If I understand the defendant's argument correctly, it's the problem here of not having given notice of what amounts to the equivalent of an upward departure, so all the points you make are valid points, but they don't really address the question of whether the defendant was entitled to notice that he was going to get consecutive sentences. What's your answer to that? And I think it does depend on whether this is an upward departure or simply the court imposing a consecutive sentence. From the government's perspective, there is no upward departure in this case. What occurred is the district court, in justifying a particular federal sentence, set forth its reasons and then imposed a federal sentence consecutive to a separate underlying state sentence of imprisonment. From the government's perspective, Rule 32 and the notice requirements of that rule apply only to departures from an applicable guideline range. So what about 5G? What about 5G 1.3? How do you believe it applies here? Your Honor, we don't believe that 5G 1.3 is particularly relevant because the court is sentencing the defendant on this federal crime consecutive to an unrelated state crime. I think it's important to note that the defendant was sent back to state prison on a probation revocation. I think Mr. Rhodes accurately described that scenario, but the underlying state conviction was already in place and the probation revocation, which occurred as a result of the conduct here, put him back in state prison. So if I understand what you're saying is that, to be specific, is that you think that under 5G 1.3 it's C, not B, that applies? B doesn't apply because although the probation revocation offense was related to the incident offense, the underlying state offense was not. Is that basically what you're saying? That is correct, Your Honor. So you're not saying the guideline doesn't apply. You're saying it's C rather than B that applies. Correct. Okay. It would have been clearer if you'd said it. I apologize, Your Honor. I do take some issue with Mr. Rhodes' characterization of the applicable circuit case law. He cites this court to Petrioli and Williams and argues that under that case law, this consecutive sentence amounts to an upward departure, but those cases should be distinguished because they dealt with courts sentencing on crimes occurring within the same federal indictment and were not cases where the federal district court was making a consecutive sentence to an underlying, already in place, state sentence, which is what we have here. This case is simply not an upward departure and should not be considered as such by this court in deciding the issue. And I think that is the very basic distinction between the government's argument and the defendant's argument in this case. This is simply not an upward departure in Judge Molloy's sentencing the defendant to a consecutive sentence, and it takes it out of the requirements of Rule 32 for notice of an upward departure. I would like to remind the court that the district court had some limited opportunity to consider this issue in the context of the defendant's Rule 35 motion to correct sentence. Sometime after the sentencing, the defendant made this motion, and the district court specifically cited 18 U.S.C., Section 3584B, in deciding that no error had occurred in its judgment. And the court noted that Booker does not apply in this situation because the imposition of a consecutive or concurrent sentence is governed by the statute, 18 U.S.C., Section 584B. Which case was that? So the district court has... Which case was that? I'm sorry. This was the defendant's Rule 35 motion before the district court. Okay. I thought you were calling a case of errors. Go ahead. I'm sorry. Those are all the comments I have today. I'll be happy to answer any additional questions the court may have in my remaining time. I'm staring again at this guideline, and I unfortunately have the current version, so it could be different in some respect. But I'm sort of curious about why this isn't an A category. There's A, there's B, and there's C. I don't really understand the difference between A and B. Do you understand? Can you tell me what they are? Well, I don't have those in front of me either, Your Honor. All right. That seems to me to be the key question in the case. Is this a – where in the guidelines does this fall? Because the fact that the statute allows this isn't relevant to whether this was an enhancement or departure, because the statute allows lots of things that under the guidelines are constrained in some fashion, and that there has to be a departure to obtain. So I don't think the fact that the statute says X is necessarily dispositive. Is that wrong for some reason? Well, you have identified that as the critical issue. The government agrees that there is a stark contrast between the defendant's position and our position in this case, and the government is quite serious in its contention that the application or decision by a district court to impose a consecutive sentence or a concurrent sentence, for that matter, simply cannot be characterized as a departure from a sentencing guideline sentence. And that is the basis here. And that's because the guidelines don't matter, or it's because the guidelines – even if the guidelines do matter, we don't call not following 5G 1.3 a departure. I'm having trouble understanding why that is. Well, we're looking specifically to the language of the statute, which seems to apply in this case, 3584B. And we spent a lot of time in district courts trying to correctly define these terms and utilize the particular terms so that the record is appropriate for appeal. And when the district courts talk about departures, either upward or downward, they're talking about something very different than the imposition of a consecutive sentence or a concurrent sentence. Okay. Well, it appears your time has concluded. Does Judge Berzon have further questions? No. Judge Wilson. We thank you for your argument. Thanks very much, Your Honors. Now we have some from the public. Thank you, Your Honor. Can you tell me why A doesn't apply? You're probably looking at the current version of the guidelines. They were amended in November 1, 2004. Dramatically amended. All right. That's not useful. Night and day from the guidelines that apply in this case. Going to this distinction that the government is trying to make between a state conviction and a federal conviction, the problem here, again, goes back to notice. And the government is trying to say, well, it's the guidelines that control or it's the statutes that control. What the government has never addressed is Rule 32. That's the heart of your case, I take it. It's a failure to comply with Rule 32. Correct. So the premise of that is that there was a departure, upward departure. The premise is there was a decision by the district court that effectively doubled my client's incarceration period with no notice. Is there any what case is the closest case you've got that says that the giving of a federal sentence consecutive to a state sentence should be viewed as tantamount to an upward departure? I couldn't find any case law one way or the other on that. But Petrioli and Williams, and given in those cases it was consecutive sentences, both arising in federal court, but those cases treat the consecutive sentences as departures. And the bottom line at a practical level for my client, he is doing twice as much time. And that's what those cases are concerned about. And that's why I point to Rule 32I1C. It requires the district court to allow the parties to comment on probation officers' determinations and other matters relating to an appropriate sentence. And you say they didn't have a chance to do that in this case. Because we had no idea that a consecutive sentence was being contemplated because it wasn't in the PSR and it wasn't advocated by the government. And this Court's decision in Wise, which issued last year, and the Supreme Court's decision in Burns correctly reasoned that the right to comment has no meaning if you're not given notice because you don't know what you're supposed to be commenting about. In this case, if we had known the court or the government or the probation office was contemplating a consecutive sentence, my client's mom is a teacher, his father has worked a long time for the railroad. We would have had them in there and testified as witnesses to convince the court not to impose a consecutive sentence. We didn't do that because we thought we were looking at a 46 to 57-month sentence, and so within that range, we were somewhat happy to get a 54-month sentence. Obviously, we wanted a low end, but we thought that's what the ball game was about. And all of a sudden, when the court imposed sentence, it became a whole different ball game. And we weren't prepared to defend against that. And if we had been given notice, we would have came into court with witnesses and facts and probably even more evidence beyond that documentation to convince the court not to double my client's sentence, which is what happened with no notice. Well, under the current guideline regime, let's pursue your argument.  It depends. It could be a departure or what the sentencing commission is calling a variance if the court based it on 3553A factors as opposed to a guideline calculation. Rule 32 apply under the current regime if the judge decides I'm not going to be bound by the upper range. Right. And that's why I'm saying this argument about whether this is a question of statute or a question of guidelines, that's irrelevant. It's a question of principle. I'm sorry. Why is it irrelevant? I don't understand why. It seems to me to be critical. Why is it irrelevant? The reason I'm sort of confused here is that your brief doesn't talk about the guideline hardly at all. And I really have a hard time understanding why it's irrelevant. It seems to me to be the only argument you have. Well, no. Our argument is Rule 32. I understand your argument is Rule 32. But if the statute was all we had and the statute essentially has a presumption for a consecutive sentence in a situation like this, I think to me you'd have very little to stand on. Well, that's where the fact that it's still discretionary with the court, and we have to know what the court is considering doing in this case. But you know what it's considering. If the statute says there's two possibilities, either consecutive or concurrent, and it also says in this situation that it's presumptively consecutive. So if we just had the statute, it seems to me you'd have absolutely no chance. And yet the guidelines really aren't even discussed. Well, that's where Byrnes and Wise are important, because Byrnes and Wise recognize Byrnes being an upward departure that at that time there was no limit on upward departures or very little limits on upward departure. And Wise, a supervised release condition issue, basically says any condition that makes sense is occasional. Right. So those are two situations in which you have a class of anything, and there's no way to tell what the judge might be considering. But here you only have a class of two. It's either concurrent or consecutive. Therefore, and the statute makes the consecutive presumptive. So it appears that ordinarily that's what you would address. It seems to me your argument becomes a lot stronger if the guidelines suggest something different. But there's no discussion in your briefs of that, you know, coming up here and telling it to us at the last minute, and I'm having a problem with it. Well, that was my internal thought process at the time is no one's mentioned consecutive sentences. 5G 1.3 at the time indicated under subsection B it should be a concurrent sentence, and so that's what I personally thought was going to happen. I never discussed it because that issue wasn't raised by the government. I probably should have. But under the existing guidelines, 5G 1.3 instructs concurrent sentence, or at the least it defaults to subsection C where it's entirely within the discretion of the court, which is akin to supervised release conditions, which are discretionary with the court, and an upward departure, which, as long as it's on proper legal grounds, is discretionary with the court. And that's why Burns and Wise are instructive. Mr. Hunter, Burns or Wise, under Wise in particular, the judge has an obligation to give you a notice of conditions of release that are the ones that are specified, say, in the PSR or that are specified in the statute. It seems to me that both Burns and Wise are dealing with sort of a barren situation, situations in which it's being contemplated as something you wouldn't have expected or had no reason in particular to expect. Burns and Wise say that if it's something that notice is given to beforehand in some form, ideally I think in the PSR is the best way to do it, that satisfies the notice requirement. And that's the problem here, is under the guidelines, even under the guidelines, it should have been a concurrent sentence under 5E1.3B or default to C, but no one brought it up. As I said, certainly we weren't going to suggest it, and the government didn't suggest it, the probation office didn't suggest it, and the court didn't come in and say, hey, you should know off right out of the chutes, I'll consider it given in a consecutive sentence. If the court had done that, we would have asked for a recess, and I would have came in there with evidence to convince the court not to do that. And that's what we didn't have the chance to do. We've gone well past the scheduled time, but the issue is novel and has engaged the court. Unless there are other questions. I don't recall you raised that issue at the time of sentencing. What happened is the sentence was imposed, so we filed a Rule 35 motion, as acknowledged by the government, because this cause is off guard. We weren't expecting it. Thank you. Very much. Thank you. Now, Mr. McClain, you may have used your time, but we went over on the appellant's time. If you need a minute or two, we'll give that to you. Thank you very much, Your Honor. I have nothing further to add. We thank you for your argument. Both parties, and the case shall be submitted.
judges: Gould, Berzon, Schwarzer